**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

─────────────────────────────

**EDNA K. MINEWEASER**
**Executrix of the Estate of**
**Paul J. Mineweaser, Deceased**
**and Individually as Surviving Spouse**

                      **Plaintiff,**

**v.**

**ONE BEACON INSURANCE COMPANY;**

**RESOLUTE MANAGEMENT, INC.;**

**SEATON INSURANCE COMPANY,**
**Individually and as Successor to Unigard**
**Insurance Company;**

**CONTINENTAL INSURANCE COMPANY;**

**HARPER INSURANCE LIMITED,**
**formerly known as**
**Turegum Insurance Company;**

**and**

**ASSICURAZIONI GENERALI, SPA,**

                      **Defendants.**

─────────────────────────────

**DECISION AND ORDER**
**14-CV-0585A(Sr)**

_____

**EVA L. POWERS**
**Executrix of the Estate of**
**Arthur E. Neilson**

                           **Plaintiff,**                           **14-CV-1093A(Sr)**

**v.**

**ONE BEACON INSURANCE COMPANY,**

**RESOLUTE MANAGEMENT, INC.**
**Administrator for One Beacon America Insurance**
**Company;**

**SEATON INSURANCE COMPANY,**
**Individually and as Successor to Unigard**
**Insurance Company;**

**CONTINENTAL INSURANCE COMPANY**
**Individually and as Successor in Interest to**
**Harbor Insurance Company (CNA);**

**HARPER INSURANCE LIMITED;**

**and**

**ASSICURAZIONI GENERALI, SPA,**

                           **Defendants.**

_____

**RHODA PEACE**
**Executrix of the Estate of**
**Hubert A. Peace ,**

                          **Plaintiff,**                                           **15-CV-177A(Sr)**

**v.**

**ONE BEACON INSURANCE COMPANY,**

**RESOLUTE MANAGEMENT, INC.,**
**Administrator for One Beacon America**
**Insurance Company;**

**SEATON INSURANCE COMPANY,**
**Individually and as Successor to Unigard**
**Insurance Company;**

**CONTINENTAL INSURANCE COMPANY,**
**Individually and as Successor in Interest to**
**Harbor Insurance Company (CNA);**

**HARPER INSURANCE LIMITED,**
**formerly known as**
**Turegum Insurance Company;**

**ASSICURAZIONI GENERALI, SPA;**

**and**

**HEDMAN RESOURCES LTD[1]**

                          **Defendants.**

---

[1] Hedman has not appeared in this action.

---

**NANCY M. MUIR**
**Executrix of the Estate of**
**Joseph L. Muir, Deceased**

                    **Plaintiff,**                                **16-CV-89A(Sr)**

**v.**

**LAMORAK INSURANCE COMPANY,**
**formerly known as One Beacon Insurance Company;**

**RESOLUTE MANAGEMENT, INC.;**

**CONTINENTAL INSURANCE COMPANY (CNA);**

**PROVIDENCE WASHINGTON INSURANCE COMPANY,**
**formerly known as Seaton Insurance Company;**

**HARPER INSURANCE LIMITED;**

**and**

**ASSICURAZIONI GENERALI, SPA,**

                    **Defendants.**

---

Plaintiffs commenced these actions against defendant insurance companies pursuant to New York Insurance Law § 3420, seeking payment of judgments entered against Hedman Resources, Ltd., formerly known as Hedman Mines, Ltd. ("Hedman"), the supplier of raw asbestos fiber to plaintiffs' employer, Durez Plastics ("Durez"), following plaintiffs' bodily injuries and subsequent deaths caused by exposure to Hedman's asbestos, and seeking a declaration that the insurance companies' transfer of insurance funds to Hedman constituted fraudulent conveyances in violation of New York Debtor Creditor Law.

The cases were referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1)(B). Defendants filed motions for summary judgment pursuant to Fed. R. Civ. P. 56(c) seeking dismissal of the complaint in the *Mineweaser* action; plaintiffs moved for summary judgment against all defendants on the Insurance Law § 3420 claim; and plaintiff Mineweaser moved for summary judgment against Continental and the London Companies on the Debtor & Creditor Law § 273-a claim. On May 30, 2018, Magistrate Judge Schroeder filed a Report and Recommendation (Dkt. No. 159), recommending that: (1) defendants' motions for summary judgment be denied with respect to plaintiff Mineweaser's Insurance Law § 3420 claim; (2) defendants Continental and the London Companies' motions for summary judgment be denied with respect to plaintiff Mineweaser's Debtor & Creditor Law § 273 and § 274 claims and the remaining defendants' motions for summary judgment be granted with respect to plaintiff Mineweaser's Debtor & Creditor Law § 273 and § 274 claims; (3) defendants' motions for summary judgment be granted with respect to plaintiff Mineweaser's Debtor & Creditor Law § 273-a claim; (4) defendants' motions for

summary judgment be denied with respect to plaintiff Mineweaser's Debtor & Creditor Law § 275 and § 276 claims; (5) plaintiffs' motions for summary judgment be granted with respect to their Insurance Law § 3420 claims; and (6) plaintiff Mineweaser's motion for summary judgment be denied with respect to his Debtor & Creditor Law § 273-a claim. The Court presumes the parties' familiarity with the evidentiary record and the legal issues before the Court. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court applies *de novo* review of the defendants' objections to the Report and Recommendation.

Defendants object that additional discovery is required with respect to coverage issues and seek discovery of documents possessed by Hedman and Travelers which may be relevant to determining whether Hedman was an insured under the contracts of insurance, but the Court finds no cause to consider extrinsic evidence because the underlying insurance policies and excess insurance policies unambiguously include Hedman as an insured. *See W.W.W. Assoc's, Inc. v. Giancontieri*, 77 N.Y.2d 157, 163 (1990) ("It is well settled that extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face.") (internal quotation omitted). Moreover, plaintiffs have met their burden of demonstrating exhaustion of the underlying insurance contracts by virtue of Travelers' loss runs and response to defendants' inquiries, and defendants' arguments regarding the adequacy of those documents are insufficient to raise a triable issue of fact as to exhaustion. Furthermore, defendants have failed to demonstrate good cause for failing to conduct discovery to meet their burden of proof as to the exclusion for coverage of bodily injuries that are expected or intended prior to the filing of the motions for summary judgment. *See Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.*, 73 F.3d

1178, 1205 (2d Cir. 1995). Similarly, defendants failed to meet their burden of demonstrating Hedman's lack of cooperation. *See West Street Props., LLC v. American States Ins. Co.*, 124 A.D.3d 876, 878-879 (2ⁿᵈ Dep't 2015). Although the *Muir* case had yet to proceed to discovery, all of these cases concern the same questions of law and fact vis-a-vis insurance coverage and the Magistrate Judge afforded the parties nine months to complete all discovery in the *Mineweaser* action after considering  plaintiff Mineweaser's objection to defendants' suggestion that discovery related to insurance coverage be delayed pending resolution of dispositive motions addressing the insurers' settlement agreements with Hedman, yet defendants proffer no evidence of any attempt to conduct discovery of Hedman or Travelers with respect to these issues.

The crux of defendants' objections goes to the distinction between the accrual of plaintiffs' underlying personal injury action and the accrual of plaintiffs' cause of action pursuant to Insurance Law § 3420(a). As the Magistrate Judge concluded, courts applying New York law have determined that insurance coverage for latent diseases caused by asbestos is triggered by an injury in fact, which can be measured from the time of first exposure through manifestation of disease. *Stonewall Ins. Co. v. Asbestos Mgmt.*, 73 F.3d 1178, 1198-99 (2d Cir. 1995); See *Danaher Corp. v. Travelers Indem. Co.*, 414 F. Supp.3d 436, 456-457 (S.D.N.Y. 2019) ("In sum, the Court holds that a triggering of injury in fact for the Underlying Claims may be found as early as the time of first exposure to asbestos or silica, and may continue progressively through the claimant's death or the date of filing the claim, whichever occurs earlier."); *Hopeman Bros., Inc. v. Continental Cas. Co.*, 307 F.Supp.3d 433, 468-469 (E.D.Va 2018) (accepting date of first exposure as event that triggers coverage and acknowledging

that New York law does not require diagnosis to trigger coverage for bodily injury from asbestos). Insurance Law § 3420 authorizes any person who has obtained a judgment against an insured for damages for injury sustained during the life of an insurance policy to maintain an action against the insurer to recover the amount of the judgment in accordance with the terms of that policy; it does not limit claims to injuries discovered during the life of the policy. Defendants are bound by the factual findings in the state court personal injury actions that Mr. Mineweaser sustained injury from exposure to Hedman's asbestos between 1968 and 1979; Mr. Neilson sustained injury from exposure to Hedman's asbestos between 1966 and 1979; Mr. Peace sustained injury from exposure to Hedman's asbestos between 1966 and 1979 and Mr. Muir sustained injury from exposure to Hedman's asbestos between 1970 and 1977. Thus, even though plaintiffs' personal injury claims did not accrue until discovery of injury from asbestos exposure, plaintiffs' had each sustained injury as contemplated by Insurance Law § 3420 during the life of the relevant insurance policies and prior to the policy buy-backs. Because "plaintiffs' right of action under Section 3420(a)(2) accrued at the time of the injury . . . any subsequent settlement or release effectuated by [the tortfeasor] and [insurance company] is not determinative of plaintiffs' rights." *Sales v. U.S. Underwriters Ins. Co.*, No. 93 Civ. 7580, 1995 WL 144783, *9 (S.D.N.Y. April 3, 1995). As a result, plaintiffs are entitled to recover their judgments from the excess insurers in accordance with the terms of the policies as to pro rata or all sums allocation.

With respect to Mr. Mineweaser's New York Debtor & Creditor Law § 273 and § 274 claims, denial of summary judgment is proper because regardless of the date the parties resolved their dispute over excess insurance coverage, the settlement agreements state that the release of the London Companies was effective upon receipt

of the settlement amount which was due within 10 business days of the November 22, 2012 execution date of the settlement agreement, and the release of Continental was likewise effective upon receipt of the settlement amount which was due after the December 31, 2012 execution date of the settlement agreement. Furthermore, Mr. Edell's affidavit and Hedman's financial statements and communications with the excess insurance carriers clearly demonstrate Hedman's insolvency at the time of the allegedly fraudulent release of insurance coverage in exchange for the settlement amount.

The Court has considered defendants' remaining objections and finds them to be without merit.

The Court therefore adopts the Report and Recommendation and (1) denies defendants' motions for summary judgment with respect to plaintiff Mineweaser's Insurance Law § 3420 claim; (2) denies defendants Continental and the London Companies' motions for summary judgment with respect to plaintiff Mineweaser's Debtor & Creditor Law § 273 and § 274 claims and grants the remaining defendants' motions for summary judgment with respect to plaintiff Mineweaser's Debtor & Creditor Law § 273 and § 274 claims; (3) grants defendants' motions for summary judgment with respect to plaintiff Mineweaser's Debtor & Creditor Law § 273-a claim; (4) denies defendants' motions for summary judgment with respect to plaintiff Mineweaser's Debtor & Creditor Law § 275 and § 276 claims; (5) grants plaintiffs' motions for summary judgment with respect to plaintiffs' Insurance Law § 3420 claims; and (6) denies plaintiff Mineweaser's motion for summary judgment with respect to his Debtor & Creditor Law § 273-a claim.

The case is referred back to Magistrate Judge Schroeder for further proceedings.

**IT IS SO ORDERED.**

*S/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

DATED: November 4, 2021